Eugene P. Ramirez (State Bar No. 134865)
  epr@manningllp.com
Jeffrey W. Korn (State Bar No. 150978)
  jwk@manningllp.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendant, COUNTY OF RIVERSIDE,

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CONNIE M. HERNANDEZ-CORTINA, individually and as successor-in-interest to Estate of Angel Cortina, (Deceased);<br>          Plaintiffs,<br>v.<br>COUNTY OF RIVERSIDE; et al,<br>          Defendants. | Case No. 5:18-CV-1579-DDP (SPx)<br><br>*[The Honorable Dean D. Pregerson, Magistrate, Sheri Pym]*<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>[NOTE CHANGE MADE BY THE COURT IN SECTION 5] |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant County of Riverside and Plaintiff Connie M. Hernandez-Cortina hereby stipulate for the purpose of jointly requesting that the honorable Court enter a protective order re confidential documents in this matter (and pursuant to Fed. R. Civ. P. 5.2, 7, and 26, as well as U.S. Dist. Ct., Local Rules 7-1 and 52-4.1; and any applicable Orders of the Court) – as follows:

**1.    GOOD CAUSE STATEMENT**

Defendants contend that there is good cause and a particularized need for a protective order to preserve the interests of confidentiality and privacy in peace officer personnel file records and associated investigative or confidential records.  In particular

1

there is a need for detention center security and for confidentiality of detention and jail records including but not limited to video or photographs depicting detention and jail facilities.

**2.     ACCESS AND USE OF PROTECTED MATERIAL**

A receiving party may use Protected Material that is disclosed by a producing party only for the purpose of prosecuting or defending this litigation. Such Protected Material may be disclosed only to the categories of persons under the conditions described in this Order.

**3.     SCOPE OF PROTECTION**

The protections conferred by this Stipulation and its associated Order cover not only Protected Material/Confidential Documents, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and its associated Order do *not* cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

**4.     DURATION OF PROTECTION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the

completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

Upon final disposition of this litigation, all documents and material designated or treated as Confidential Materials pursuant to this Order shall promptly (not later than 30 days following termination of the action) be delivered to counsel for the Defendants as the case may be, or disposed of pursuant to further agreement of the parties or order of the court.

## 5. DESIGNATION OF PROTECTED MATERIAL/CONFIDENTIAL DOCUMENTS

Protected Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. To qualify for protection, the Protected Material must contain private or confidential information as described above in Section 1 or that otherwise qualifies for protection under Federal Rule of Civil Procedure 26(c). The Designating Party shall affix the legend "CONFIDENTIAL" to each page or to each electronic transmission or disc, drive or medium that contains Protected Material.

An inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Stipulation and its associated Order for such material. If material is appropriately designated as "CONFIDENTIAL" *after* the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with this Stipulation and its associated Order.

## 6. ACCESS TO CONFIDENTIAL MATERIALS

Access to Confidential Materials and the information they contain or reflect shall be strictly limited to:

    a. attorneys actively working on this case;

b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or at other proceedings in this case;

c. the parties;

d. designated expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

e. the Court and its employees including stenographic reporters; and

f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action.

g. any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

Counsel and the parties are required to advise, instruct and supervise all associates, staff and employees of counsel to keep designated Confidential Material confidential in the strictest possible fashion. Counsel and the parties also agree to such treatment of the information by themselves, and counsel will appropriately instruct their clients as to the protected nature of the information produced pursuant to this order and the limitations on its use and disclosure. Confidential Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Persons who receive such information shall sign the following statement:

"I hereby acknowledge that I am to receive information and/or documents designated as confidential pursuant to the terms of a Protective Order in Civil Action 5:18-CV-1579-DDP (SPx), entitled *Cortina v. County of Riverside et al.*, pending in the United States District Court for the Central District of California. I acknowledge receipt of a copy of that Protective order and certify that I have read it and that I agree to be bound by the terms and restrictions set forth therein. I further agree that any information designated

4

confidential pursuant thereto which is delivered to me will be segregated and kept by me in a safe place and will not be made known to others except in accordance with the terms of said protective order.  I also agree to dispose of all such confidential documents and all summaries or other documents containing knowledge or information obtained therefrom in such manner as I may be instructed after completing my services."

If any document or information which has been designated as confidential is filed with the court prior to trial, it shall be filed in a sealed envelope along with an application for filing under seal as provided in Local Civil Rule 79-5.1, unless there has been a prior stipulation or order designating the document or information as non-confidential.

**7.     SUBPOENA OR COURT ORDER IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as Confidential, that party must:

(a) Promptly notify in writing the designating party. Such notification shall include a copy of the subpoena or court order.

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order.

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Material may be affected.  If the designating party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as confidential before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection in that court of its confidential material and

nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

///

## 8. CHALLENGING CONFIDENTIALITY

Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

Meet and Confer: If a dispute arises concerning a designation, or challenge to a designation, of confidentiality, counsel for the parties shall confer in a good faith effort to eliminate the necessity for a motion or to eliminate as many of the disputes as possible. It shall be the responsibility of counsel for the challenging/moving party to arrange for this conference. If both counsel are located within the same county of the Central District, the conference shall take place in person at the office of the challenging/ moving party's counsel, unless the parties agree to meet someplace else.

Judicial Intervention: Any Motion must comply with the requirements of Central District Local Rule 37-2, and must include a joint stipulation in the form set out in Local Rule 37-2.1. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with all meet and confer requirements under this Order, the Federal Rules of Civil Procedure, and all applicable Local Rules.

The Court may modify the terms and conditions of the Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. If a party believes that the provisions of this Protective Order have been violated, the party may apply to the Court for sanctions or other relief pursuant to Fed. R. Civ. P. 37.

## 9. USE OF DOCUMENTS AT TRIAL

Any use of confidential documents or information at trial shall be governed by the orders of the trial judge. This Order does not govern the use of confidential documents or information at trial.

**IT IS SO STIPULATED.**

DATED: April 18, 2019

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: /s/Jeffrey W. Korn
Eugene P. Ramirez
Jeffrey W. Korn
Attorneys for Defendant County of Riverside

DATED: April 18, 2019

**TRUJILLO & TRUJILLO, APLC**

By: /s/Robert Trujillo
Robert Trujillo, Esq.

Attorneys for Plaintiffs Connie M. Hernandez Cortina and Angelica Elaine Cortina

**IT IS SO ORDERED.**

Dated: April 25, 2019



_____
United States Magistrate Judge